UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Henry, #299199, | ) C/A No.: 4:12-00916-MGL-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Michael McCall, Warden; | ) |
| Stephen Claytor, Associate Warden; and | ) |
| Dennis Bush, Major, | ) |
| | ) |
| Defendant(s). | ) |

_____

Plaintiff John Henry ("Plaintiff") filed this case pursuant to 42 U.S.C. § 1983[1] on April 4,

2012. Defendants filed a motion for summary judgment on August 10, 2012. Because Plaintiff is

proceeding pro se, he was advised on or about August 13, 2012, pursuant to Roseboro v. Garrison,

528 F.2d 309 (4th Cir. 1975), of the procedure for motion for summary judgment and the possible

consequences if he failed to respond adequately. Plaintiff has failed to file a response.[2]


A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

_____

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] On August 28, 2012, the undersigned entered an order extending the discovery deadline until October 15, 2012. As the discovery deadline was extended, the time period in the Roseboro order was extended until November 1, 2012. In the order, Plaintiff was informed that "if Plaintiff does not respond to the Defendants' motion for summary judgment pursuant to the Roseboro order by November 1, 2012, his case may be dismissed pursuant to the Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." (Doc. #33).

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of Plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the Defendant;

    (3)    the history of the Plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment or the Court's orders requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available. Accordingly, it is recommended that this action dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

It is FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III

Florence, South Carolina                   United States Magistrate Judge
November 6 , 2012

**The parties' attention is directed to the important information on the attached notice.**